UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1703

HUDSON CONSTRUCTION COMPANY,

Plaintiff - Appellee,

versus

DILLINGHAM CONSTRUCTION COMPANY, INCORPORATED,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (CA-03-277-1)

Submitted:  December 22, 2005          Decided:  March 2, 2006

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William E. Loose, Asheville, North Carolina, for Appellant.  Nash E. Long, III, K. Stacie Corbett, HUNTON & WILLIAMS, L.L.P., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

This case arises out of a dispute regarding a subcontract between Hudson Construction Co. ("Hudson") and Dillingham Construction Co., Inc. ("Dillingham"). Hudson brought this action seeking a declaratory judgment that it did not owe Dillingham damages. The district court dismissed Dillingham's counterclaims and granted summary judgment to Hudson. On appeal, Dillingham argues that the district court lacked jurisdiction to hear the case and that the district court erred in dismissing Dillingham's counterclaims. We affirm.

In 1999, Wal-Mart Stores, Inc. contracted with Hudson to expand and improve a Wal-Mart store in Murphy, North Carolina. Hudson subsequently entered into a subcontract with Dillingham for grading, storm drainage and erosion control services for the project. Dillingham maintains that Hudson owes it damages for causing delays in construction, for withholding partial payment when Dillingham refused to use crushed stone to backfill a retaining wall, and for making deceptive statements about Dillingham's ability to recover damages for delay.

Hudson filed this declaratory judgment action after Dillingham voluntarily dismissed a state court claim against Hudson for breach of contract and unfair and deceptive trade practices. Dillingham's answer to Hudson's claims in this case included as counterclaims all of the claims that Dillingham had included in its state court

2

action.  The district court dismissed all of Dillingham's counterclaims.  The court found that the North Carolina statute of limitations barred Dillingham's contract counterclaims and dismissed Dillingham's unfair trade practices claim because "the dispute between these parties does not impact commerce or the public interest at large."  The district court ultimately granted summary judgment to Hudson, finding that Hudson did not owe Dillingham money under the contract or the state deceptive trade practices act.

Dillingham first contends that the district court lacked subject matter jurisdiction to hear the case, arguing that Hudson's declaratory judgment action did not satisfy the amount in controversy requirement for diversity jurisdiction.  Federal district courts have jurisdiction over civil actions in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332 (2000).  The parties here are diverse, so the only issue is the amount in controversy.  "[T]he test for determining the amount in controversy in a diversity proceeding is the pecuniary result to either party which [a] judgment would produce."  Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (internal quotation marks omitted).  Although Hudson is seeking a declaration that it does not owe Dillingham any money, the record makes clear that the amount involved in the underlying controversy exceeds $75,000.  For example, Dillingham's counterclaims in this action allege that Hudson's breaches of the

3

subcontract caused Dillingham damages exceeding $250,000. Accordingly, the district court had subject matter jurisdiction to hear this case.

Dillingham additionally maintains that the district court erred when it dismissed Dillingham's contract counterclaims as time barred. We need not reach this issue, however, because Dillingham fails to claim that the district court improperly granted summary judgment to Hudson.[1] The district court found that the clear and unambiguous language of the contract permitted Hudson's actions, and that Hudson therefore did not breach the agreement. Dillingham's brief does not challenge the district court's finding on this point; as a result, the district court's dismissal of Dillingham's counterclaims did not affect the final outcome in this case. Even if we were to find that the district court erred in its determination that Dillingham's counterclaims were time barred, Dillingham would still be unable to recover from Hudson given the grant of summary judgment to Hudson.

---

[1]Because Dillingham does not claim anywhere in its brief that the district court's final judgment -- a declaratory judgment that Hudson did not breach the contract and therefore did not owe Dillingham damages -- was erroneous, we deem these issues abandoned. See 11126 Baltimore Blvd., Inc. v. Prince George's County, Md., 58 F.3d 988, 993 n.7 (4th Cir. 1995).

4

Finally, Dillingham argues that the district court erred in dismissing the unfair trade practices counterclaim.[2]  The district court found that Dillingham's claim did not satisfy the statute's "affecting commerce" requirement because the dispute "does not impact commerce or the public interest at large."  North Carolina precedent supports this finding: "Although commerce is defined broadly under G.S. § 75-1.1(b) as 'all business activities, however denominated,' the fundamental purpose of G.S. § 75-1.1 is to protect the consuming public. . . . The proper inquiry is not whether a contractual relationship existed between the parties, but rather whether the defendants' allegedly deceptive acts affected commerce." Durling v. King, 554 S.E.2d 1, 4-5 (N.C. App. 2001) (emphasis in original).  We agree with the district court that "there is no evidence of any impact beyond the parties' contractual relationship."  Thus, the district court correctly dismissed Dillingham's unfair trade practices claim and granted summary judgment to Hudson.

---

[2] When the district court granted summary judgment to Hudson on Dillingham's unfair trade practices claim, the court expressly relied on its earlier reasoning in dismissing Dillingham's counterclaim.  In addition, Dillingham challenges the district court's final decision on the unfair trade practices claim.  See Brief of Appellant at 17 n.4.  Thus, Dillingham has not abandoned its claim of unfair trade practices.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED</u>